—————o—————

## No. 3445.

(Court of Appeal, Parish of Orleans.)

## SIMON U. ROSENTHAL vs. MRS. WIDOW FLORENCE LONGLEY.

1. The lessor's right of pledge includes the effects of the under-tenant on the leased premises only so far as the latter is indebted to the principal lessee.
2. A boarder is an undertenant to the extent that he occupies apartments in the leased premises and keeps his own furniture and effects there.
3. Where the undertenant agreed in good faith to pay the rent in advance, payment made in accordance with the terms of the contract is not a payment made in anticipation under the meaning of Art. 2706 R. C. C.

Appeal from Civil District Court, Division C.

Dart & Kernan, for plaintiff and appellant.

F. Rivers Richardson, for defendant and appellee.

E. T. Merrick, for intervenor.

W. O. Hart, for Civil Sheriff.

W. K. Horn and Geo. W. Flynn, for Union Surety Co.

DUFOUR, J.   The defendant, a boarding house keeper, having defaulted in the payment of her rent, her lessor provisionally seized all the effects in the leased premises.

206

Certain boarders by third opposition demanded the release of their property, which was accorded them, and it is safely from the judgment in their favor that the present appeal has been taken by the seizing creditor.

The other issues presented below are, in consequence, not receivable by us.

The District Judge, in sustaining the oppositions, said:

"On the opposition of Jos. H Wiley and Mrs. Florence Wiley, his wife, my conclusions are that the opponents are the owners of the articles claimed by them; that they boarded with the deceased and at the time of the seizure owed her nothing. Boarders are in a sense sub-tenants, and where the sub-lessee agreed in good faith to pay the rent in advance payment made in accordance with the terms of the contract is not a payment made in anticipation under the meaning of R. C. C. 2706 (see C. N. 1753). For purposes of this case and so far as concerns the right of seizing creditors, we need not hold more than that a boarder is a sub-tenant to the extent that he occupies apartments in the leased premises and keeps his own furniture there.

We agree with the District Judge as to both law and fact.

Judgment affirmed.